ST. MICHAELS UTILITIES COMMIS-
SION AND COMMISSIONERS OF ST.
MICHAELS, MARYLAND, Petitioners,

v.

FEDERAL POWER COMMISSION,
Respondent.

Delmarva Power & Light Company, Del-
marva Power & Light Company of
Maryland, and Delmarva Power & Light
Company of Virginia, and Accomac-
Northampton Electric Cooperative,
Choptank Electric Cooperative, Inc., and
Delaware Electric Cooperative, Inc., In-
tervenors.

STOCKTON LIGHT & POWER COMPA-
NY OF MARYLAND, and Stockton
Light & Power Company of Virginia,
Petitioners,

v.

FEDERAL POWER COMMISSION,
Respondent.

Delmarva Power & Light Company, Del-
marva Power & Light Company of
Maryland, and Delmarva Power & Light
Company of Virginia, Accomac-North-
ampton Electric Cooperative, and Chop-
tank Electric Cooperative, Inc., and
Delaware Electric Cooperative, Inc., In-
tervenors.

Nos. 10829, 10833.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 3, 1966.

Decided Dec. 5, 1966.

Spencer W. Reeder, St. Michaels, Md. (W. Edgar Porter, Salisbury, Md., Henry C. Ikenberry, George B. Mickum, III, and Richard E. Rubenstein, Washington, D. C., on the motion), for petitioners.

William H. Arkin, Atty., Federal Power Commission (Richard A. Solomon, Gen. Counsel, and Peter H. Schiff, Deputy Sol., Federal Power Commission, on reponse to motion), for respondents.

John W. T. Webb, Salisbury, Md., for Intervenors Delaware Power & Light Co., Delmarva Power & Light Co. of Maryland, and Delmarva Power & Light Co. of Virginia.

Before BRYAN, WINTER and CRAVEN, Circuit Judges.

PER CURIAM.

Pursuant to § 313(b) of the Federal Power Act, 16 U.S.C.A. § 825*l*(b), petitioners, St. Michaels Utilities Commission and Commissioners of St. Michaels, Maryland, seek leave to adduce as additional evidence the annual reports of the intervenors for the year ended December 31, 1965. Petitioners request that any order granting such leave be conditioned upon (a) respondent's adducing such evidence through its staff and (b) protection to petitioners' alleged right to restitution if intervenors' rates are found not just and reasonable in the light of the evidence to be adduced. Briefly stated, petitioners contend that, properly analyzed, the operating results of intervenors for the year 1965 will demonstrate that intervenors earned an excessive return for that year and that the rates fixed by the Commission were hence not just and reasonable.

The proceedings began before the Commission in July, 1963 on petitioners' complaint that intervenors' form of rate was unduly discriminatory. On its own motion the Commission ordered a general rate investigation on November 18, 1963.

A field investigation was initiated July 17, 1963 and continued to at least January 15, 1964. The twelve month period ending June 30, 1963 was selected as the test year. Hearings commenced July 20, 1964, and concluded February 9, 1965. The examiners' decision was issued June 1, 1965, and the Commission's opinion and order on April 21, 1966. The annual reports for 1965, now sought to be made part of the record, were not filed until March 29, 1966. Neither petitioners' applications for rehearing (filed May 16 and May 19, 1966, respectively); nor the petitions for review in this Court (filed August 10 and August 12, 1966, respectively) referred to the 1965 annual reports or contained a request for consideration thereof or hearing thereon. At no stage of the proceedings until now have petitioners objected to the test year selected by the Commission's staff; petitioners now argue, however, that the test year has become "stale."

We have no occasion to discuss the conditions upon which leave to adduce additional evidence should be predicated because we think the motion should be denied. By § 313(b) of the Act, we are directed not to exercise our discretionary authority to require the record to be reopened, another objection considered, and more evidence received "unless such objection shall have been urged before the Commission in the application for rehearing unless there is reasonable ground for failure so to do" and unless "there were reasonable grounds for failure to adduce such evidence in the proceedings before the Commission." Petitioners claim that they relied on the Commission's staff to represent them and that they did not realize the effect the 1965 operating results would have on the Commission's determination that the rates it prescribed were just and reasonable until after the proceedings in this Court were instituted. This is no excuse for their failure to bring to the attention of the Commission, in accordance with the congressional mandate, their grounds of attack on its

order. The fact is that throughout the proceeding below petitioners concentrated their attack on the form of the rates; the claim that the rates were not just and reasonable is an afterthought. If petitioners now wish to file a new complaint on the ground that intervenors' rates are not just and reasonable, they are not foreclosed from doing so. § 206 of the Act, 16 U.S.C.A. § 824e. Petitioners also assert, as an additional excuse for their failure to tender the evidence to the Commission, a general stipulation made before the examiner that intervenors' annual reports were incorporated into the record by reference. We do not consider that a general agreement to include evidence by reference made during the presentation of proof before the examiner sufficiently broad to include evidence not then in existence.

There is another reason why the motion should be denied. Every rate case must have some ending, even though by the nature of the proceedings the type of evidence which must be developed and considered and the usual case load of regulatory commissions, the formulation of a final order may consume a considerable period of time. When the propriety of the test year has not been questioned, results experienced thereafter should not be permitted to require a reopening of the proceedings when the later experience has not been pressed upon the Commission and the Commission's decision, for practical purposes, was fully formulated before the latest experience was known. To rule otherwise would mean that this and many other rate cases could never be brought to a conclusion at the Commission level. This case is thus unlike Scenic Hudson Preservation Conf. v. Federal Power Commission, 354 F.2d 608 (2 Cir. 1965), cert. den. 384 U.S. 941, 86 S.Ct. 1462, 16 L.Ed.2d 540 (1966), sub nom. Consolidated Edison Co. v. Scenic Hudson Preservation Conf., because the evidence sought to be adduced here was not in existence when the record before the Commission was closed.

The motion is, therefore,

Denied.